The opinion of the Court, was delivered by
Rybksoy, J.
This cause comes before the Court, on a demurrer to a plea of the statute of limitations. By the statute, Rev. L. 411 See. 10 it is enacted, that “ every real, possessory, ancestral, mixed, or other action, for any lands, tenements, or hereditaments, shall be brought or instituted within twenty years next after the right or title thereto, or cause of such action shall accrue, and not after.” This statute is pleaded in bar of the action, and the demurrer brings in question the sufficiency of the bar. The language is too plain and explicit, as it appears to me, to admit of an argument, or serious doubt. It not only includes mixed actions, of which dower is one, but all othet' actions for the recovery of lands, tenements, or hereditaments.
That no precedent of such plea, is to be found in English books, presents an argument of no force, for the plain reason, *109 that no such statute exists in Great Britain. The English statutes on a kindred subject, may be found in 3d Cruises Digest, Tit. 31, Ch. 2 commencing in page 538. See also, 4 Kent’s Com. 67 — 70. But even in England, such a bar has been more recently proposed. But whether the proposition has ever become a law, I am unable to say. In Sew York and South Carolina, it appears, time forms a bar to the widow’s claim of dower. Thus it appears, we are not alone in thinking the widow’s claim should fail of a remedy, after a reasonable period hath intervened.
The counsel who argued this cause for the demandant, suggested, that there was a privity between the widow and the heir, sufficient to prevent any adverse possession being set up against her. But it is altogether a mistake. The possession of the widow, is the possession of the heir. She holds of him, in contemplation of law. But his possession is not hers. 1 Cruise’s Dig. 156. There is no analogy — as was'supposed, in the relations subsisting between the heir and the widow, on the one side, and two joint-tenants, or tenants in common on the other. But if true, that the possession of the heir, were to be considered in any manner, the possession of the widow; she should have replied the fact, and shown that by reason of her constructive possession, she had no cause of action, till she elected so to make it. By the demurrer, she admits the allegation of the plea, that she did not institute this action, as soon, by twenty years, as she might have done. The legislature have therefore said, it shall not now, be instituted, at all. Any other declaration of the law, must pro tanto, repeal, by construction, an unambiguous clause in the statute. For this, I am not prepared. Statutes of repose, are not to be lightly disposed of.
Judgment must therefore be rendered for the tenant, and the demurrer, over-ruled.
Hornblower, C. J. and Ford, J. concurred.

Demurrer over-ruled, and

Judgment j or the tenant.